IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRY DONELL WATSON, #138241, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:11-CV-938-WHA |
| ) | [WO] |
| ) | |
| KIM THOMAS, et al., ) | |
| ) | |
| Defendants ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is before the court on an amended complaint filed by Terry Donell Watson ["Watson"], a state inmate currently confined at the Childersburg Community Work Center, on January 11, 2012. Doc. No. 13. In this complaint, Watson presents claims arising from disciplinary action taken against him for consumption/use/or under the influence of narcotics in February of 2011 during his confinement at the Bibb Correctional Facility ["Bibb"]. Specifically, Watson alleges: (i) correctional officials at Bibb deprived him of due process when, without notice and absent a fair hearing, they deducted funds from his inmate account for payment of costs associated with independent testing of his urine sample; (ii) the officer who collected the urine sample failed to comply with the administrative regulation governing the collection process; (iii) correctional officials

utilized a compromised urine sample in the testing process; (iv) employees of the free-world lab to which correctional officials referred Watson's urine sample for additional forensic testing issued an uncertified and unauthenticated confirmation result; (v) the disciplinary report served in charging the offense deprived Watson of due process because it failed to provide adequate notice of the precise substance for which his urine specimen tested positive and contained an illegible notation of the charged offense; (vi) the hearing officer repeatedly committed violations of Watson's due process rights during the disciplinary hearing; (vii) the administrative regulation allowing the deduction of funds for payment of costs associated with independent testing is unconstitutional; (viii) the warden of Bibb and the commissioner of corrections violated Watson's constitutional rights when they (a) failed to rescind the disciplinary decision adjudging him guilty of consumption of a controlled substance and (b) allowed the unconstitutional withdrawal of funds from his prison account; (ix) correctional officials at Bibb denied Watson due process when they increased his custody level without notice or a hearing; (x) Charles Price, a circuit judge for Montgomery County, violated plaintiff's constitutional rights due to his failure to issue a ruling on an affidavit of substantial hardship and motion to recuse filed by Watson in a state civil action challenging the disciplinary action; and (xi) Charles Malone, chief justice of the Alabama Supreme Court, denied plaintiff access to the courts by denying his petition for writ of mandamus attacking

the lack of a ruling by Judge Price on his *in forma pauperis* application.[1]

Upon a thorough and exhaustive review of the allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404.

## II. DISCUSSION

A civil action asserting violations of a prisoner's constitutional rights may be filed "in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). However, the law further provides "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).

The Bibb Correctional Facility is located within the jurisdiction of the United States District Court for the Northern District of Alabama. Thus, the actions about which the plaintiff complains occurred at a correctional institution within the jurisdiction of the

---

[1] It is not clear whether employees of the independent drug testing agency may be considered state actors, a requisite element to proceeding against them under § 1983. In addition, it appears the plaintiff's claims regarding actions of Judge Price and Justice Malone provide no basis for relief in this cause of action. However, under the circumstances of this case as set forth herein, the court finds it unnecessary to address the merits of these issues at this time and deems it appropriate to refer disposition thereof to the United States District Court for the Northern District of Alabama.

Northern District of Alabama. Moreover, the vast majority of individuals named as defendants reside in the Northern District of Alabama while the remaining defendants are subject to service of process throughout the state and, if necessary, may be required to defend this suit by any federal court of this state. It is therefore apparent that the majority of witnesses and evidence associated with this case are located in the Northern District of Alabama.

In light of the foregoing, the court concludes, in the interest of justice and for the convenience of the parties, that this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case and all pending motions be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404. It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before January 27, 2012**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 12th day of January, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE