IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TERRY DONNELL WATSON, #138241, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 2:11cv938-WHA |
| | ) | (WO) |
| KIM THOMAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #19), entered on January 12, 2012, together with Plaintiff's objections thereto (Doc. #20).

After an independent evaluation and *de novo* review of this matter, the court determines that the objections are without merit and that the Recommendation that this case be transferred to the United States District Court for the Northern District of Alabama should be adopted.

The plaintiff objects to the transfer of this case. In his objection, the plaintiff asserts the case should remain before this court because half of the individuals named as defendants reside in this district and the majority of actions about which he complains occurred in this district. However, this latter assertion is patently incorrect as it is clear from the complaint the vast majority of actions which form the basis of the complaint occurred at the Bibb Correctional Facility. Only the independent testing of his urine sample and rulings by the state courts occurred in this district.

As noted in the Recommendation, the claims against the state judges, whether they be for damages or injunctive relief, provide no basis for relief under § 1983. *Bolin v. Story*, 225 F.3d

1234, 1239 (11[h] Cir. 2000) (state judges are "entitled to absolute judicial immunity from damages for those acts taken while ... acting" pursuant to their judicial authority. "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction."); *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006) ("The *Rooker-Feldman* doctrine prevents ... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment).

In addition, whether employees of the independent laboratory may be considered state actors subject to suit under § 1983 is at issue. Although the free-world laboratory apparently contracted with the State to perform independent drug testing of inmates' urine samples, it is not clear the lab employees are rendered state actors, as independent testing of urine samples does not appear to involve a "constitutional duty" the State is required to provide, nor is such testing the exclusive prerogative of the State. *West v. Atkins*, 487 U.S. 42, 55 (1988) (private physician contracted by prison to perform orthopedic services deemed state actor where "fully vested with state authority to fulfill ***essential aspects of the duty, placed on the State by the Eighth Amendment ..., to provide essential medical care to those the State had incarcerated.***") (emphasis added). Moreover, it does not seem that the actions of the lab employees infringed

2

upon any constitutionally protected right of the plaintiff.  Regardless, under the circumstances of this case, disposition of these issues is best left to the United States District Court for the Northern District of Alabama..

In light of the foregoing, transfer of this case to the United States District Court for the Northern District of Alabama for review and determination is appropriate.  Thus, the plaintiff's objections are OVERRULED, the Recommendation is ADOPTED, and it is hereby

ORDERED that this case, with all pending motions, is TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.

DONE this 19th day of January, 2012.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE